**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
Barakah M. Amaral, SBN 298726
Sarah Y. Oh, SBN 322164
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706
Attorneys for Defendants
HENRY ABE, TAMARA PECSI, ALAN GARZA, AND COUNTY OF YUBA

Dale K. Galipo, SBN 144074
Melanie T. Partow, SBN 254843
LAW OFFICE OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
(818) 347-3333
(818) 347-4118 fax
Attorneys for Plaintiff

Stewart Katz, SBN 127425
LAW OFFICE OF STEWART KATZ
555 University Avenue, Suite 270
Sacramento, CA 95825
(916) 444-5678
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON D. SANDERS, individually and as successor in interest to EDDIE ICHIRO SANDERS, Deceased;<br><br>　　　　Plaintiff,<br><br>v.<br><br>HENRY ABE, an individual; TAMARA PESCI, an individual; ALAN GARZA, an individual; and COUNTY OF YUBA, a municipality,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 2:18-cv-02789 WBS-DMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: 10/17/2018 |

**IT IS HEREBY STIPULATED** by, among and between the parties to the above-captioned action through their counsel of record, that the documents described herein may be designated as "Confidential" and produced subject to the following Protective Order:

1. Categories of documents described as follows:

    (a) Autopsy Photos

    (b) Medical, Mental Health and School Records of any Person, including any Psychological Evaluations or Re-Evaluations

    (c) Employment Applications

    (d) Job Performance Evaluations

    (e) Personnel Action Forms

    (f) Pay Information

    (g) Next of Kin Notifications

    (h) Records regarding alleged misconduct, including investigation into such allegations and any discipline imposed. This includes but is not limited to Internal Affairs Complaints and the Investigation of those Complaints (apart from any Investigations of Sanders' shooting)

    (i) Contact or Personal Information (apart from the Witness's name) of any Non-Law Enforcement Witness or Interviewee

    (j) Financial Information of Any Individual

2. The portions designated as confidential contain information not available to the public and a Court approved protective order is appropriate pursuant to Local Rule 141.1 because there are certain relevant documents that contain private information.

3. The disclosed documents shall be used solely in connection with the civil action of Sanders v. Abe, et al., Case No. 2:18-CV-02789 WBS-DMC (USDC EDCA) and in the preparation

and trial of the cases, or any related proceeding. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.

4. A party may only designate as "Confidential" a document which it has determined in good faith to be: (a) confidential or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, such that third parties would be required to maintain the information in confidence. By designating a document or portion thereof as "Confidential," the party making the designation avers that it can and would make a showing to the Court sufficient to justify entry of a protective order covering that document or portion thereof under Federal Rule of Civil Procedure 26 and Eastern District of California Local Rule 141.1.

5. A party producing the documents and materials described herein may designate those materials as confidential by affixing a mark labelling them "Confidential" provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labelled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

6. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

7. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a) All counsel of record and attorneys in the offices of counsel for any of the Defendants in this action;

(b) All counsel of record, and attorneys in the offices of counsel for Plaintiff in this action;

(c) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

(d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(e) Any expert, consultant, or investigator retained in connection with this action;

(f) The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

(g) Witnesses during their depositions in this action; and,

(h) The parties to this action.

8. Prior to the disclosure of any Confidential information to any person identified in paragraph 7 and it sub-parts (a), (b), (c), (e), (g), and (h), each such recipient of Confidential information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Protective Order, such person shall acknowledge in writing as follows:

> I have read the Protective Order that applies in <u>Sanders v. Abe, et al.,</u> Case No. 2:18-CV-02789-WBS-DMC (USDC EDCA) and shall abide by its terms. I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

9. The following procedures shall be utilized by the parties making copies of documents designated as "Confidential":

(a) The producing party shall provide one copy of the Confidential documents to the receiving party.

(b) The receiving party shall not furnish, disclose, or otherwise divulge any Confidential documents to any source, except those persons identified in Paragraph 7 herein, without further order of the Court or authorization from counsel for the producing party.

(c) If any document designated as "Confidential" pursuant to this Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Protective Order. The court reporter will be directed to bind those portions of the transcript that contain discussion of the contents of the Confidential documents separately. The cover of any portion of a deposition transcript that contains testimony or documentary evidence that has been designated Confidential, including exhibits designated as "Confidential," will be marked: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

10. Should any documents designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive the documents under this Protective Order, the disclosing person(s) shall promptly: (a) inform the producing party of the recipient(s) and the circumstances of the unauthorized disclosure, and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order. No document shall lose its Confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

11. The Confidential Material produced pursuant to this Order will be redacted with respect to any purely confidential identifying personal and family information. Contact information regarding witnesses shall not be redacted though that information is subject to this stipulated protective order.

12. If Plaintiff or Defendants intend to use Confidential Material in a Court filing, at least seven (7) days' notice shall be given to all parties identifying the Confidential Material that the party intends to utilize. In the event that a party believes that the Confidential Material intended to be used should be filed under seal, then it shall be the burden of the party desiring that the material be filed under seal to make that request to the Court. Plaintiff and Defendants shall comply with the requirements of Eastern District Local Rule 141. The Parties agree a request to file under seal or remove the designation of Confidential Information may be heard on shortened time and/or by telephone conference under the applicable sealing standard.

13. Nothing in this Order shall in any way limit or prevent Confidential Material from being used in any deposition or other proceeding in this action. In the event that any Confidential Material is used in any deposition or other proceeding it shall not lose its confidential status through such use. If any Confidential Material is used in a deposition then arrangements shall be made with the court reporter to separately bind such portions of the transcript containing information designated as "CONFIDENTIAL" and to label such portions appropriately.

14. This order is entered for the purpose of facilitating the exchange of documents between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or the production of any document under the terms of this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document.

15. Nothing in this Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does anything in this Order result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

16. If Confidential Material produced in accordance with this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and without prejudice to their rights and remedies available to the producing party, make every effort to obtain the return of the disclosed Confidential Material and prevent further disclosure of it by the person who was the recipient of such information.

17. After the conclusion of this litigation, all Confidential documents will remain confidential. All documents produced pursuant to this Protective Order shall be destroyed or returned to counsel for the producing party in a manner in which counsel will be able to reasonably verify that all documents were returned. All parties agree to ensure that Confidential documents disclosed to other persons shall be destroyed or returned to counsel for the producing party. "Conclusion" of this litigation means a termination of the action following a trial (any subsequent appeal) or settlement, and entry of an order, judgment, or decree terminating this action.

**IT IS SO STIPULATED.**

Dated: March 13, 2019					PORTER SCOTT
							A PROFESSIONAL CORPORATION

							By   */s/ Barakah M. Amaral*
							    Carl L. Fessenden
							    Barakah M. Amaral
							    Sarah Y. Oh
							    Attorneys for Defendants

Dated: March 13, 2019

							By   */s/ Stewart Katz*
							    Stewart Katz
							    Dale K. Galipo
							    Melanie T. Partow
							    Attorneys for Plaintiff

**IT IS SO ORDERED.**

Dated: March 15, 2019

							_____
							DENNIS M. COTA
							UNITED STATES MAGISTRATE JUDGE